IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-66-BO
No. 7:16-CV-254-BO

| | | |
|---|---|---|
| JESUS PINEDA, | ) | |
|     Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 85]. The government has moved to dismiss the petition, [DE 89], petitioner has responded, [DE 93], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On January 15, 2013, a petit jury sitting in the Eastern District of North Carolina found petitioner guilty of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One and Four); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 924(c)(1)(A)(i) (Count Two); and possession of a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count Three). [DE 48, 49]. On July 19, 2013, the Court sentenced petitioner to 72 months' imprisonment on Counts One, Three, and Four (to run concurrently with each other) and 60 months' imprisonment on Count Two (to run consecutively with the other counts). [DE 62, 63]. Petitioner appealed his judgment, and the United States Court of Appeals for the Fourth Circuit affirmed in a published opinion issued on October 29,

2014. [DE 74]. On March 2, 2015, the Supreme Court of the United States denied certiorari. *Pineda v. United States*, 135 S. Ct. 1515 (March 2, 2015).

On July 10, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 85 at 9]. Petitioner alleges that counsel was constitutionally ineffective at sentencing and in the advice given to petitioner before he went to trial. [DE 85 at 3-4]. The government responded by moving to dismiss the motion as untimely. [DE 90].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on

collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's judgment became final on the day the Supreme Court denied certiorari, on March 2, 2015. *Pineda v. United States*, 135 S. Ct. 1515 (March 2, 2015). Pursuant to 28 U.S.C. § 2255(f)(1), petitioner had one year from March 2, 2015 to file the instant motion. Petitioner, however, did not file a motion until over four months after the deadline. [DE 85]. Petitioner does not appear to rely on any other provision of § 2255(f) as he has not identified any government impediment which has been removed, he has not relied on a Supreme Court decision made applicable retroactively, nor has he identified any new facts discovered through due diligence to support his claim. Thus, petitioner's motion is untimely.

While equitable tolling is available to toll the limitations period in this context, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), petitioner has identified no basis upon which to invoke equitable tolling. Petitioner alleges that his delay occurred because he thought that his counsel had filed a certiorari petition and that he was "waiting on a response." [DE 85 at 8]. Petitioner, however, has not alleged that he was unable to research the status of his certiorari petition on his own. Likewise, he has not shown how he acted diligently in waiting over a year after the Court of Appeals disposed of his case to file anything with this Court or the Court of Appeals.

For these reasons, the government's motion to dismiss petitioner's § 2255 motion is granted.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 89] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 85] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 20 day of April, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4